UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

TIFFANY RENEE RILEY,
  *Plaintiff,*

 v.

ANDREW W. SAUL,
 *Commissioner of Social Security U.S.A.,[1]*
 *Defendant.*

No. 3:17-cv-1058 (VAB)

**RULING AND ORDER ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**

  Tiffany Renee Riley ("Plaintiff") filed a motion for award of attorney's fees, permitted under 42 U.S.C. § 406(b). *See* Mot., ECF No. 27 (June 11, 2019) ("Mot."). Her attorney, Charles Binder, submitted an affidavit in support of the award, Binder Aff., ECF No. 27-2 (June 11, 2019); an itemization of his billable hours, Ex. B, ECF No. 27-3 (June 11, 2019); and a supporting memorandum, Pl.'s Mem., ECF No. 27-4 (June 11, 2019). Ms. Riley seeks an award of $15,312.63, one-quarter or 25% of the retroactive benefits awarded to her, a *de facto* hourly rate of approximately $409.43. Pl.'s Mem. at 2.

  The Commissioner does not object to an award of $15,312, but "defers to the Court's judgment as to whether the fee request is reasonable[,]" Gov't Resp., ECF No. 28 (June 26, 2019) at 4, and whether the motion was timely filed, *id.* at 5.

  For the following reasons, the Court **GRANTS** Ms. Riley's motion and awards **$15,312.63** in attorney's fees under Section 406(b).

---

[1] When a party in an official capacity resigns or otherwise ceases to hold office while the action is pending, the officer's successor is automatically substituted as a party, regardless of the party's failure to so move or to amend the caption; the Court may also order such substitution at any time. Fed. R. Civ. P. 25(d); *see also Williams v. Annucci*, 895 F.3d 180, 187 (2d Cir. 2018); *Tanvir v. Tanzin*, 894 F.3d 449, 459 n.7 (2d Cir. 2018). The Clerk of Court therefore will be ordered to change the defendant of the case from Ms. Berryhill to Mr. Saul.

I. **STANDARD OF REVIEW**

   A. **42 U.S.C. § 406(b)(1)**

"The Social Security Act provides for successful representatives to be compensated for their services through deductions from payments that their clients are entitled to receive." *Binder & Binder, P.C. v. Colvin*, 818 F.3d 66, 67 (2d Cir. 2016). 42 U.S.C. § 406(b) in relevant part provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as a part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A). Contingent-fee agreements "are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Gisbrecht v. Barhart*, 535 U.S. 789, 807 (2002). "[A] court's primary focus should be on the reasonableness of the contingency agreement in the context of the particular case; and the best indicator of the 'reasonableness' of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client, not an hourly rate determined under lodestar calculations." *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990). "The attorney 'must show that the fee sought is reasonable for the services rendered.'" *Begej v. Berryhill*, No. 3:14-cv-1284 (WIG), 2019 WL 2183105, at *1 (D. Conn. May 21, 2019) (quoting *Gisbrecht*, 535 U.S. at 807)). Finally, "Section 406(b) does not displace any contingent-fee arrangement between the claimant and attorney, but rather sets the ceiling for an award under any such agreement at twenty-five percent of the past-

due benefits." *Torres v. Colvin*, No. 11 CIV. 5309 JGK, 2014 WL 909765, at *2 (S.D.N.Y. Mar. 6, 2014) (citing *Gisbrecht*, 535 U.S. at 792–93)).

## II. DISCUSSION

In making a determination of the reasonableness of a fee request brought under Section 406(b), a court considers the following factors: "(1) whether the requested fee is out of line with the character of the representation and the results the representation achieved; (2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and (2) whether the benefits awarded are large in comparison to the amount of the time counsel spent on the case." *Sama v. Colvin*, No. 3:10-cv-01268 (VLB) (TPS), 2014 WL 2921661, at *2 (D. Conn. June 25, 2014) (internal quotation marks and citation omitted).

A contingency fee arrangement encourages counsel "to take on cases that are less than sure winners," and so a "reduction in the agreed upon contingency amount should not be taken lightly." *Blizzard v. Astrue*, 496 F. Supp. 2d 320, 235 (S.D.N.Y. 2007) (citations omitted). But "[t]his Court has broad discretion in determining whether the amount of time expended by a plaintiff's counsel was reasonable." *Barbour v. Colvin*, 993 F. Supp. 2d 284, 290 (E.D.N.Y. 2014).

Ms. Riley argues that the award here is appropriate as "there is no evidence of fraud or overreaching by counsel for Plaintiff in the instant case[,]" "counsel did not delay this matter and achieved success in reversing the Commissioner's decision[,]" and an award of twenty-five percent of retroactive benefits awarded to Ms. Riley "would result in a *de facto* hourly rate of approximately $409.43[,]" which in her view would not be a windfall to counsel. Pl.'s Mem., ECF No. 27-4 at 2(June 11, 2019). Additionally, the request was filed within thirty days of the

final judgment, in compliance with Local Rule 11. *Id*. Counsel affirms that "he will not seek a total fee in excess of 25% under any combined fee sought under 42 U.S.C. § 406(a) and § 406(b) . . . ." *Id.* at 3. Upon receiving any such fee award here, Mr. Binder "will remit $7,200.00, which represents the previously awarded Equal Access to Justice Act ["EAJA"] fees paid to counsel in this case." *Id.* at 3.

The Commissioner submits a response "to facilitate the proper administration of the attorney fees provisions contained in Section 406(b)." Gov't Resp. at 2. The Commissioner notes that courts "generally have not considered [a $409.43] hourly rate in this range to be unreasonable" and defers to the Court to determine reasonableness. *Id.* at 4. The Commissioner further notes that the notice of award is dated May 27, 2019, and the instant motion was filed on June 11, 2019, making the motion timely even under a more restrictive standard. *Id.* at 5 (citing *Walker v. Astrue*, 593 F.3d 274 (3d Cir. 2010). Lastly, the Commissioner agrees that counsel should remit the excess of the previous EAJA fees awarded. *Id.*

The Court agrees.

Ms. Riley requests that $15,312.63 be awarded for 37.40 hours of work, resulting in a *de facto* hourly rate of $409.43. Pl.'s Mem. at 2. Here, Mr. Binder "achieved success in reversing the Commissioner's decision and obtaining benefits for Plaintiff despite the case requiring multiple appeals, including one before this Court." *Id.* at 2; *see also Vogth-Eriksen v. Berryhill*, No. 3:16-cv-01114 (SALM), 2018 WL 6322611, at *2 (D. Conn. Dec. 4, 2018) (awarding benefits where counsel "achieved a fully favorable result for [plaintiff] by securing a remand to the administrative level and thereafter obtaining a significant award of past-due benefits"). Furthermore, there is no evidence or indication of undue delay in these proceedings or undue delay caused by Plaintiff's counsel.

The Court "considers whether 'the benefits awarded are large in comparison to the amount of the time counsel spent on the case.'" *Id.* Here, Mr. Binder billed 37.40 hours on Ms. Riley's Social Security case. *See Jones v. Colvin*, No. 3:16-cv-1685 (VAB), 2018 WL 4845744, at *1 n.1 (D. Conn. Oct. 4, 2018) ("Courts in the Second Circuit have generally held that 'a routine social security case requires from twenty to forty hours of attorney time.'" (quoting *Hogan v. Astrue*, 539 F. Supp. 2d 680, 682 (W.D.N.Y. 2008)).

A court considers several factors to determine if "the amount of time expended by a plaintiff's counsel was reasonable," including whether "the size of the administrative record, the complexity of the factual and legal issues involved, counsel's experience, and whether counsel represented the claimant during the administrative proceedings.'" *Claudio v. Berryhill*, No. 3:17-cv-1228 (MPS), 2019 WL 3002907, at *1 (D. Conn. July 10, 2019) (quoting *Barbour v. Colvin*, 993 F. Supp. 2d 284, 291 (E.D.N.Y. 2014)).

The transcript in this case was roughly 1,000 pages. Transcript, ECF No. 11 (Sept. 29, 2017) ("Tr."). Attorney Binder handled multiple appeals in this case and has extensive experienced in Social Security disability cases. Pl.'s Mem. at 2; Binder Aff., ECF No. 27-2 ¶¶ 9–11. His time, spent reviewing, drafting, and preparing for the Social Security appeal, was commensurate to the task and was not unreasonable. *See Vogth-Eriksen*, 2018 WL 6322611, at *3 ("The Court finds that 28.4 hours for the review of over 1500 pages of records and the production of 39 pages of persuasive, 'well reasoned' briefing and a condensed statement of facts is well within reasonable limits." (alteration in the original) (citation omitted)).

Furthermore, courts in this Circuit have routinely granted higher *de facto* rates. *See Valle v. Colvin*, No. 12-cv-2876 (JPO), 2019 WL 2118841, at *3 (S.D.N.Y. May 15, 2019) (a *de facto* rate of $1,079.72 an hour "though certainly high, . . . is the product of competent and efficient

advocacy, which should not be held against counsel in their request for fees"); *Schiebel v. Colvin*, No. 614-CV-00739 (LEK) (TWD), 2016 WL 7338410, at *3 (N.D.N.Y. Dec. 19, 2016 (granting a *de facto* hourly rate of $975.68, in part because most of the work spent "at the district-court level involved preparing a thorough and persuasive brief . . . [that] arguably contributed to the Commissioner's decision to stipulate to a remand"); *Kazanjian v. Astrue*, No. 09 Civ. 3678 BMC, 2011 WL 2847439, at *2 (E.D.N.Y. July 15, 2011) (noting that "hourly rates are frequently misleading" and that "[p]laintiff's attorney should not, however, be penalized for being efficient," making $2,100.00 per hour appropriate given the work done by plaintiff's attorney).

Accordingly, the fee requested is appropriate and will be awarded.

### III. CONCLUSION

Ms. Riley's motion for attorney's fees is **GRANTED**, and the Court awards **$15,312.63** in attorney's fees under Section 406(b).

Mr. Binder is directed to remit $7,200.00 to Ms. Riley, the amount of the award, under the Equal Access to Justice Act, previously paid to him.

**SO ORDERED** at Bridgeport, Connecticut, this 7th day of July, 2020.

    /s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE